1

2  COUNSEL LISTED ON SIGNATURE PAGE

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10  WESTERN DIVISION

11

| | |
|---|---|
| ACCURIDE INTERNATIONAL INC.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SSW HOLDING COMPANY, INC. and AMERICAN APPLIANCE PRODUCTS, INC.,<br><br>　　　　　Defendants.<br><br>SSW HOLDING COMPANY, INC. and AMERICAN APPLIANCE PRODUCTS, INC.,<br><br>　Defendants and Counterclaimants,<br><br>　　vs.<br><br>ACCURIDE INTERNATIONAL INC.,<br><br>　Plaintiff and Counterdefendant. | Case No. CV-09-3377-PA (PJWx)<br><br>**<u>STIPULATED PROTECTIVE ORDER</u>** |

# STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure, including all disclosures by either party. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation or further order of the Court.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of confidential information and/or trade secrets could severely injure or damage the party disclosing or producing the confidential information and/or trade secrets and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving confidential information and/or trade secrets are presently without sufficient information to accept the representation(s) made by the party or parties disclosing or producing confidential information and/or trade secrets as to the confidential, proprietary, and/or trade secret nature of such information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. "Confidential Information" shall mean and include any document (whether in hard copy or in computer-readable form), thing, deposition or

other pretrial testimony, interrogatory answers, responses to requests for admission and/or production, or other information provided, produced, or obtained, whether formally or informally, in the course of this action ("Discovery Material") that contains non-public or confidential information, whether personal or business-related. Certain types of Confidential Information may be further designated, as defined and detailed below, as "Confidential Information -Attorneys' Eyes Only."

The Confidential Information - Attorneys' Eyes Only designation shall be reserved for Confidential Information that constitutes, reflects, or concerns trade secrets, source code, know-how or proprietary data, business, financial, technical, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material and/or would be considered highly sensitive to that party.

2. Discovery Materials containing Confidential Information or Confidential Information -Attorneys' Eyes Only are referred to as "Protected Materials." Except as otherwise indicated below, all Discovery Materials designated by a person or entity participating in discovery in this action as "Confidential Information" or "Confidential Information - Attorneys' Eyes Only" and which are disclosed or produced to, or obtained by, the attorneys for the other parties to this litigation are Protected Materials and are entitled to confidential treatment as described below.

3. The designation of Protected Materials in the form of documents, things, interrogatory answers, responses to requests for admission and/or production, or any other tangible materials (including, without limitation, CD-ROMS, DVDs and tapes) other than depositions or other pretrial testimony as

Confidential Information or Confidential Information – Attorneys' Eyes Only shall be made in the following manner:

    a. "Confidential Information" Protected Materials shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or similar designation on each page of the Protected Materials (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.  On such Protected Materials that bear a document production number, the foregoing legend shall be placed as near as practical to the production number.

    b. "Confidential Information – Attorneys' Eyes Only" Protected Materials shall be so marked by conspicuously affixing the legend "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or similar designation on each page of the Protected Materials (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. On such Protected Materials that bear a document production number, the foregoing legend shall be placed as near as practical to the production number.

    c. If a document has more than one of the designations set forth in Paragraphs 3a-3b above, the most restrictive designation applies.

  4. Protected Materials shall not include materials that on their face show that they have been published to the general public.

  5. The designation of any Discovery Materials as Protected Materials pursuant to this Order is intended solely to facilitate compliance with discovery in this action, and treatment in conformity with such designation shall be construed in any way as an admission or agreement by a receiving party that the designated disclosure in fact constitutes or contains any

confidential, trade secret, or proprietary information.  Failure to so designate any Protected Materials shall not constitute a waiver of any claim by any party that such Protected Materials contain confidential, trade secret, or proprietary information.  The fact that a person did not designate specific Discovery Materials as Protected Materials shall not be the subject of evidence or argument at trial. No person shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any designation.

      6. At any time after the delivery of Protected Materials, counsel for the party or parties receiving the Protected Materials may challenge a producing party's or parties' designation of all or any portion thereof by providing written notice thereof to counsel for the person or entity disclosing or producing the Protected Materials or from whom the Protected Materials are obtained. Counsel shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution.  If counsel are unable to agree as to whether the designation of Protected Materials is appropriate, then the party or parties receiving the Protected Materials may file a motion with the Court challenging the appropriateness of the disputed designation or designations.  The party or parties disclosing or producing the Protected Materials shall have the burden of establishing that the disputed Protected Material is entitled to the designation that it has been given and that the Protected Materials should not be subject to a different designation or no designation at all. All Protected Materials are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of the Protected Materials are entitled to confidential treatment.

7. If any person believes that Protected Materials belonging to it have been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy, and/or exhibit), then such person may designate the deposition, portion thereof, or exhibit as "Confidential Information" or "Confidential Information - Attorneys' Eyes Only" by (1) stating on the record of the deposition that such deposition, portion thereof, or exhibit is "Confidential Information" or "Confidential Information - Attorneys' Eyes Only" or (2) stating in a writing served on counsel for the other party, up to fifteen (15) days after receipt of such deposition transcript, that such deposition, portion thereof, or exhibit is "Confidential Information," "Confidential Information - Attorneys' Eyes Only."

8. Confidential Treatment.  Protected Materials and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

9. Protected Materials marked "Confidential Information" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    a.    Attorneys in the firms that are outside counsel of record in this action for the party receiving protected materials or any information contained therein;

    b.    Employees of such counsel (excluding experts) assigned to and necessary to assist such counsel in the preparation and trial of this action, and any third party vendors or consultants used to assist in the litigation such as graphics consultants, litigation support consultants, jury consultants, technical consultants and their necessary personnel;

      c.      Experts who have been identified in writing pursuant to paragraph 13 below to all parties and with regard to whom no party has objected within three (3) business days of the identification;

      d.      Up to four (4) corporate officers, employees of a party or a party's affiliate or party personnel; and

      e.      The Court.

10. Protected Materials marked "Confidential Information - Attorneys' Eyes Only" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

      a.      Attorneys in the firms that are outside counsel of record in this action for the party receiving protected materials or any information contained therein;

      b.      Employees of such counsel (excluding experts) assigned to and necessary to assist such counsel in the preparation and trial of this action, and any third party vendors or consultants used to assist in the litigation such as graphics consultants, litigation support consultants, jury consultants, technical consultants and their necessary personnel;

      c.      Experts who have been identified in writing pursuant to paragraph 13 below to all parties and with regard to whom no party has objected within three (3) business days of the identification; and

      d.      The Court.

12. Protected Materials and any information contained therein shall be used solely for the prosecution of this litigation.

13. Counsel for the party receiving Protected Materials may disclose such materials to experts who are actively assisting in the preparation for and/or, trial of this action subject to the following procedures:

    a.    At least three (3) business days before disclosing Protected Materials to an expert, counsel for the party proposing the disclosure shall serve on the party disclosing or producing the Protected Materials:

        i.    A written notice identifying the proposed expert, including a current curriculum vitae that lists the expert's present occupation, employer and position, and any other current business affiliations, including without limitation all consulting engagements and business affiliations for the previous five (5) years; and

        ii.    A copy of the expert's written agreement to be bound by this Order in the form of Exhibit A.

    b.    If the party disclosing or producing Protected Materials objects to such disclosure in writing within three (3) business days after receiving such notice, no disclosure of Protected Materials will be made to that expert until the objection is resolved by agreement or by the Court. Counsel objecting to the proposed disclosure hereunder shall hereby be deemed to certify that there are good grounds for the objection and shall state such grounds in the written objection.

14. Notwithstanding the foregoing, any document may be disclosed and shown to any person who is named on the face of the document as having been its author or one of its recipients, including recipients of copies, or who

appears from other documents or testimony as having been a recipient of the document or the confidential information contained therein.

15. Any paper, document, exhibit, or thing that contains or discloses Protected Materials that is to be filed or submitted with the Court shall be filed under seal in accordance with the Court's rules governing sealed filings.  If a party fails to file Protected Materials under seal, any person who in good faith believes that the filing under seal is required to protect its interests may move the Court to seal the Protected Materials within ten (10) days of learning of the allegedly defective filing.  Notice of such motion shall be given to all parties. The Clerk shall seal the disputed part of the filing until the Court rules on the Motion.  Nothing in this provision relieves a party of liability for damages caused by failure to properly file such Protected Materials under seal.

16. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

17. The inadvertent or negligent production of discovery material subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney-client privilege or the attorney work-product privilege provided that the producing party promptly upon discovery of such inadvertent or negligent disclosure so advises the receiving party and requests that the discovery material be returned. It is further agreed that the receiving party will return such inadvertently or negligently produced discovery material and all copies thereof within three (3) business days of the earliest of (a) discovery by the receiving party that the production was actually inadvertent or negligent, or (b) receiving a written request for the return of such item or items of information.  The party having returned such inadvertently produced item(s) of information may thereafter, without asserting waiver because of the

1  inadvertent or negligent production, seek production of any such documents in
2  accordance with the Federal Rules of Civil Procedure.
3      18. The party or parties receiving Protected Materials shall not under
4  any circumstances sell, offer for sale, advertise, or publicize Protected
5  Materials or any information contained therein.
6      19. After termination of this litigation, the provisions of this Order shall
7  continue to be binding, except with respect to those documents and
8  information that become a matter of public record. This Court retains and
9  shall have continuing jurisdiction over the parties and recipients of the
10 Protected Materials for enforcement of the provisions of this Order following
11 termination of this litigation.
12     20. Upon termination of this action by dismissal, judgment, or
13 settlement, counsel for the party or parties receiving Protected Materials shall
14 return the Protected Materials to counsel for the party or parties disclosing or
15 producing the Protected Materials. The party or parties receiving the
16 Protected Materials may keep their attorney work product which refers or
17 relates to any Protected Materials.
18     21. This Order shall be binding upon the parties and their attorneys,
19 successors, executors, personal representatives, administrators, heirs, legal

representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Stipulated by:

Dated: July 27, 2009.

        RICHARD H. ZAITLEN #63283
richard.zaitlen@pillsburylaw.com
JENNA F. LEAVITT #215374
jenna.leavitt@pillsburylaw.com
STEPHEN D. BYERS #223330
steve.byers@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

By: ___/s/ Richard H. Zaitlen_____

Attorneys for Plaintiff
and Counterdefendant
ACCURIDE INTERNATIONAL INC.

Dated: July 27, 2009.

NATHANIEL L. DILGER #196203
ndilger@turnergreen.com
PETER R. AFRASIABI #193336
pafrasiabi@turnergreen.com
TURNER GREEN LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone: (714) 434-8750
Facsimile: (714) 434-8756

By: /s/ Nathaniel L. Dilger
Attorneys for Defendants
And Counterplaintiffs
SSW HOLDING COMPANY, INC,
AMERICAN APPLIANCE
PRODUCTS, INC

# EXHIBIT A: STATEMENT OF COMPLIANCE

I, _____, in consideration for receiving Protected Materials, have read and agree to abide by the terms of the Protective Order entered in *Accuride International Inc. v. SSW Holding Company, Inc. et al.*, Civil Action No. CV-09-3377-PA (PJWx), in the U.S. District Court for the Central District of California.

_____
Printed Name

_____
Signature