RICHARD H. ZAITLEN #63283
richard.zaitlen@pillsburylaw.com
JENNA F. LEAVITT #215374
jenna.leavitt@pillsburylaw.com
CAROLYN S. TOTO #233825
carolyn.toto@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
ACCURIDE INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACCURIDE INTERNATIONAL INC., <br><br> Plaintiff and Counterdefendant, <br><br> vs. <br><br> SSW HOLDING COMPANY, INC. and AMERICAN APPLIANCE PRODUCTS, INC., <br><br> Defendants and Counterclaimants. | Case No. CV-09-3377 PA (PJWx) <br><br> **ACCURIDE INTERNATIONAL INC.'S JOINT MOTION IN *LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR TESTIMONY REGARDING PRODUCT-TO-PRODUCT COMPARISON IN REGARDS TO INFRINGEMENT** <br><br> Date:  May 10, 2010 <br> Time:  1:30 p.m. <br> CrtRm:  15 <br><br> Trial Date: May 18, 2010 <br><br> Judge:  Hon Percy Anderson |

Table of Contents

Page

I. Introduction ..................................................................................................1
   A. Accuride's Introduction. ....................................................................1
   B. SSW's Introduction. ..........................................................................1
II. ACCURIDE'S ARGUMENT ......................................................................2
   A. Any Evidence or Testimony Regarding Product-To-Product Comparison Is Irrelevant to the Infringement Inquiry and Clearly Contrary to Established Case Law ..................2
   B. Any Evidence or Testimony Regarding Product-To-Product Comparison Is Confusing and Prejudicial..........................4
III. SSW's OPPOSITION. ..................................................................................5
IV. ACCURIDE'S REPLY ................................................................................7
V. Conclusion.....................................................................................................8
   A. Accuride's Conclusion.......................................................................8
   B. Defendants' Conclusion.....................................................................9

# Table of Authorities

Page(s)

### CASES

*Akamai Techs. v. Cable & Wireless Internet Servs.*,
  344 F.3d 1186 (Fed. Cir. 2003) ................................................................... 5

*Amstar Corp. v. Envirotech Corp.*,
  730 F.2d 1476 (Fed. Cir. 1984) ............................................................... 3, 8

*Atlantic Thermoplastics Co., Inc. v. Faytex Corp.*,
  974 F.2d 1299 (Fed. Cir. 1992) ......................................................... 2, 3, 8

*Atlas Powder Co. v. E.I. Du Pont de Nemours & Co.*,
  750 F.2d 1569 (Fed.Cir.1984) .......................................................... 2, 3, 8

*Bell Communications Research, Inc. v. Vitalink Communications Corp.*,
  55 F.3d 615 (Fed. Cir. 1995) ...................................................................... 4

*CCS Fitness, Inc. v. Brunswick Corp.*,
  288 F.3d 1359 (Fed. Cir. 2002) .............................................................. 2, 7

*Ekchian v. Home Depot, Inc.*,
  104 F.3d 1299 (Fed. Cir. 1997) .................................................................. 4

*Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co.*,
  285 F.3d 1046 (Fed. Cir. 2002) .................................................................. 7

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
  575 F.2d 1152 (6th Cir. 1978) .................................................................... 6

*Rambus Inc. v. Hynix Semiconductor, Inc.*,
  254 F.R.D. 597 (N.D. Cal. 2008) ............................................................... 6

*SRI Int'l v. Matsushita Elec. Corp.*,
  775 F.2d 1107 (Fed. Cir. 1985) (en banc) ........................................ 2, 3, 8

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed.Cir.1985) .................................................................... 5

*Sun Hill Industries*,
  48 F.3d at 1196 ........................................................................................... 3

*Symbol Technologies Inc. v. Opticon Inc.*,
  935 F.2d 1569 (Fed. Cir. 1991) .............................................................. 2, 7

RULES AND REGULATIONS

Federal Rules of Evidence,
  Rule 105 ..................................................................................................8

Federal Rules of Evidence,
  Rule 401 ..............................................................................................2, 4

Federal Rules of Evidence,
  Rule 402 ..................................................................................................2

Federal Rules of Evidence,
  Rule 403 ..............................................................................................4, 5

## I. INTRODUCTION

### A. Accuride's Introduction.

Plaintiff Accuride International Inc. ("Accuride") hereby moves this Court to exclude any evidence or testimony offered by Defendants regarding product-by-product comparison between the allegedly infringing oven rack products and those sold by Accuride in connection with its defense against infringement, including any discussions as to Accuride's understandings of its claimed invention or any other such evidence or testimony that is part of the infringement inquiry. Allowing in such evidence or testimony is contrary to established caselaw and will cause undue prejudice to Accuride by confusing and misleading the jury into thinking that such product comparisons are relevant for determining infringement.

### B. SSW's Introduction.

It is not clear from Accuride's motion what evidence it in fact seeks to preclude. Accuride acknowledges, as it must, that the significant differences between the accused products and Accuride's commercial products are highly relevant evidence for several purposes. For example, these differences rebut the contention that SSW copied Accuride's commercial products, which is relevant to both SSW's obviousness defense and Accuride's allegation that its patents were willfully infringed. These significant differences are also relevant to Accuride's claim that it is entitled to lost profits damages, as SSW has adduced evidence showing that Accuride's design was in fact *inferior* to SSW's products. Finally, whether or not Accuride's commercial products are in fact covered by the asserted patents is obviously relevant to numerous issues in this case, including lack of willfulness, obviousness, and damages.

Because this information is both highly relevant and not unduly prejudicial, the Court should deny Accuride's motion in its entirety.

## II. ACCURIDE'S ARGUMENT

### A. Any Evidence or Testimony Regarding Product-To-Product Comparison Is Irrelevant to the Infringement Inquiry and Clearly Contrary to Established Case Law

During a meet and confer, the parties agreed that product-by-product comparisons between the allegedly infringing oven rack products and those sold by Accuride cannot be used for determining infringement but can properly be used to determine the issue of willfulness. Declaration of Richard H. Zaitlen ("Zaitlen Decl."), ¶¶ 2-3. However, Defendants also stated that such product comparisons will be relevant to what Accuride views as its claimed invention. Id. Accuride believes that allowing product comparisons at trial for this purpose will be intimately tied to the infringement inquiry. Id. at ¶ 4. Thus, Accuride moves this Court to exclude any evidence or testimony from Defendants regarding product comparisons used to show what Accuride views as its claimed invention or any other such inquiry that essentially goes to a determination of infringement. Use of product comparisons in this manner is clearly improper. *Atlantic Thermoplastics Co., Inc. v. Faytex Corp.*, 974 F.2d 1299, 1300 (Fed. Cir. 1992), *citing Atlas Powder Co. v. E.I. Du Pont de Nemours & Co.*, 750 F.2d 1569, 1579 (Fed.Cir.1984)). It is hornbook patent law that a product does not infringe a product—a product infringes a patent. *See*, *e.g.*, *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (en banc). Moreover, it is contrary to well-established case law to limit the scope of the claims to commercial embodiments; *e.g.*, *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1370 (Fed. Cir. 2002), *citing SRI Int'l*, 775 F.2d at 1121; *Symbol Technologies Inc. v. Opticon Inc.*, 935 F.2d 1569, 1574-75 (Fed. Cir. 1991). As such, evidence of any product-by-product comparison for purposes of showing what Accuride views as its claimed invention, or any other such inquiry that goes to infringement, is not relevant and thus inadmissible. Fed. R. Evid. §§ 401, 402.

1   For infringement purposes, the accused product is not to be compared to the commercial embodiment but to the patent claims. *Sun Hill Industries*, 48 F.3d at 1196-97 ("The test for infringement is not whether the accused product is substantially similar to the patentee's commercial embodiment of the claimed design…. Such a test risks relying on unclaimed and therefore irrelevant features as grounds for similarity or difference."). "Infringement, ***literal or by equivalents***, is determined by comparing an accused product ***not*** with a preferred embodiment described in the specification or with the commercialized embodiment of the patentee but ***with the properly and previously construed claims [of the patents] in suit***." *SRI Int'l*, 775 F.2d at 1121 (emphasis added). Thus, the proper infringement inquiry compares properly construed claims with the accused product or process. *Atlantic Thermoplastics Co.*, 974 F.2d at 1300, *citing Atlas Powder Co.*, 750 F.2d at 1579; *see also Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1480-81 (Fed. Cir. 1984)(where district court was led to erroneously assess infringement by comparing structural features of the accused device with the structural features of the patentee's commercial product).

By allowing Defendants to use product comparison in the way suggested will inevitably mislead the jury into thinking that the comparison is relevant for determining what Accuride views as its claimed invention or the scope of its patent claims. In doing so, the jury will essentially be determining infringement based on the product comparisons. If Defendants are allowed to introduce product comparisons to show how Accuride interprets the claims, it will be difficult, if not impossible, for the jury to divorce that information from the infringement determination. As discussed above, product-to-product comparisons have ***no tendency*** to make a fact of consequence, in regards to infringement, more or less probable. As such, any comparisons between the accused products with Accuride's oven rack products to imply non-infringement or confuse the issue of infringement are simply irrelevant and inadmissible under

Rule 401 and should be excluded. Fed. R. Evid. § 401.

### B. Any Evidence or Testimony Regarding Product-To-Product Comparison Is Confusing and Prejudicial

Moreover, any such product comparison should be further precluded under Rule 403 of the Federal Rules of Evidence as any probative value of testimony and/or evidence based on such comparisons is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. § 403.

As stated above, allowing Defendants to use product comparison in the way suggested will mislead the jury into considering the comparison for infringement purposes. If Defendants are allowed to tie Accuride's commercial products to how Accuride understands its claimed invention, or any other similar inquiry related to infringement, the jury will likely interpret the patent claims based on Accuride's commercial products. Such an interpretation will improperly limit the patent scope to a specific embodiment. *Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1303 (Fed. Cir. 1997) (stating that it is improper to limit a claim term to a preferred embodiment or specific examples disclosed in the specification. *See also Bell Communications Research, Inc. v. Vitalink Communications Corp.*, 55 F.3d 615, 620 (Fed. Cir. 1995). As such evidence is not germane to the findings of the jury, admission of such evidence based on improper product comparisons is highly prejudicial to Accuride. Any comparison of the accused products, as it relates to Accuride's understanding of the claims, should be made with the Patents-in-suit and not Accuride's products.

Admitting evidence or testimony relating to product comparisons, which are not relevant to infringement analysis, will also necessitate an undue consumption of the Court and jury's time. Fed. R. Evid. § 403. Such evidence or testimony provides no probative value, but instead, causes great prejudice to

1  Accuride. If a district court could be misguided, as demonstrated in the cases
2  above, a jury is certainly far more vulnerable to becoming confused and led to
3  believe that the claims cover only Accuride's commercial product. As such,
4  evidence or testimony presenting product comparisons in regards to infringement
5  analysis, including any discussions as to Accuride's understandings of its claimed
6  invention or any other such evidence or testimony that is part of the infringement
7  inquiry, should be precluded under Rule 403.

## III.   SSW'S OPPOSITION.

Accuride acknowledges, as it must, that the significant differences of the accused products as compared with Accuride's commercial products is highly relevant to a number of issues in this case.

*First,* the differences between the accused products and Accuride's products are relevant to proving the SSW did *not* copy Accuride's purported invention. *See, e.g., Akamai Techs. v. Cable & Wireless Internet Servs.*, 344 F.3d 1186, 1196-97 (Fed. Cir. 2003) (to prove copying, patentee must prove that accused infringer specifically focused on the design of a patentee's product or patent and based its own product on that design). The absence of copying is thus relevant to disproving Accuride's contention that its patents have been willfully infringed. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1235-36 (Fed.Cir.1985) ("[K]eeping track of a competitor's products and designing new and possibly better or cheaper functional equivalents is the stuff of which competition is made and is supposed to benefit the consumer.")

*Second,* Accuride has indicated that it will attempt to rely on "secondary considerations" of non-obviousness – including copying – in an effort to support the validity of the asserted patents. For the same reason as explained above, SSW is thus entitled to explain to the jury the substantial differences between the design of the accused products and the design of Accuride's own commercial products to establish that no such copying occurred here.

1   ***Third,*** to sustain its claim for lost profits, Accuride must establish that "but for" the presence of the accused product in the market, Accuride would have made the allegedly infringing sale.  In other words, Accuride must establish that SSW's customers would have necessarily purchased Accuride's commercial products if not for the availability of SSW's accused products.  *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc*., 575 F.2d 1152, 1166 (6th Cir. 1978).

SSW has adduced evidence, however, that Accuride's commercial products are inferior to SSW's products.  Indeed, SSW will present testimony from General Electric – SSW's largest customer and the purchaser of the vast bulk of SSW's allegedly infringing products – that the problems in Accuride's design were such that GE would ***not*** have purchased Accuride's slide rack for use in its ovens, even if SSW's slide rack was not available.  SSW is thus entitled to explain to the jury that the differences between the accused products and Accuride's commercial products were such that Accuride would ***not*** have made the allegedly infringing sales and that the jury should therefore reject Accuride's claim for lost profits.

***Fourth,*** Accuride's commercial product is relevant to an understanding of what Accuride claims to be its invention.  Accuride contends that its commercial products are in fact covered by the claims of the asserted patents.  The jury is thus obviously entitled to explore the basis for this contention.  And such evidence is relevant – for example – to an understanding of what the claims do and don't cover.  Likewise, whether or not Accuride's commercial products are in fact covered by the claims is relevant to a whole host of issues, including lost profits, commercial success, and copying.  *See, e.g., Rambus Inc. v. Hynix Semiconductor, Inc*., 254 F.R.D. 597, 602 (N.D. Cal. 2008) ("If the product does not read on the claim, there can be no relevance of the product's commercial success to whether the claim is obvious or not.")

For at least the foregoing reasons, the Court should reject Accuride's efforts to prevent the jury's access to highly relevant information regarding Accuride's commercial products.

## IV.  ACCURIDE'S REPLY

It is evident from Defendants' opposition that they intend to use product-by-product comparisons in connection with what Accuride views to be its claimed invention. This is entirely improper and what the cases cited above prohibit. While Accuride does not oppose any product comparison in regards to showing copying (*e.g.*, willfulness) or lost profits, Accuride vehemently opposes Defendants' use of any product comparison in relation to how Accuride views its claimed invention.

First, it is contrary to well-established case law to limit the scope of the claims to commercial embodiments—which is likely to happen should Defendants be allowed to question Accuride on its interpretation of the claimed invention in terms of Accuride's commercial product. *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d at 1370. Second, allowing Defendants to engage of this line of questioning essentially forces Accuride to discuss and interpret its claims in view of the commercial embodiment and will inevitably tie the infringement analysis to Accuride's commercial embodiment rather than the asserted claims. If Accuride's commercial product is used to show how Accuride interprets the asserted claims, it will be nearly impossible for the jury to compartmentalize its consideration of the evidence and refrain from comparing the accused product to Accuride's commercial product—a comparison that is strictly prohibited by substantive patent law. *Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002). As stated over and over by the Federal Circuit, such evidence should never be considered for purposes of infringement. *See, e.g.*, *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d at 1370; *Symbol Technologies Inc. v. Opticon Inc.*,

935 F.2d at 1574-75; *SRI Int'l*, 775 F.2d at 1121; *Atlantic Thermoplastics Co.*, 974 F.2d at 1300, *citing Atlas Powder Co.*, 750 F.2d at 1579; *Amstar Corp. v. Envirotech Corp.*, 730 F.2d at 1480-81.

Accuride respectfully requests that the Court grant its motion and preclude Defendants from presenting any product-by-product comparison between the allegedly infringing oven rack products and those sold by Accuride in connection with its defense against infringement, including any discussions as to Accuride's understandings of its claimed invention or any other such evidence or testimony that is part of the infringement inquiry. Allowing in such evidence or testimony is contrary to established case law and will cause undue prejudice to Accuride by confusing and misleading the jury into considering such product comparisons in determining infringement.

In the very least, Accuride respectfully requests that this Court give a limiting instruction pursuant to Rule 105, restricting Defendants from using any product comparisons in connection with Accuride's understandings of its claimed invention or any other such evidence or testimony that is part of the infringement inquiry and instructing the jury accordingly. Fed. R. Evid. § 105 ("When evidence that is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.").

## V. CONCLUSION.

### A. Accuride's Conclusion.

For the foregoing reasons, the Court should grant this Motion and exclude any testimony or evidence of product-to-product comparison in connection with any aspects of the infringement inquiry. Such testimony or evidence is not relevant to the issue of infringement and certainly would confuse the jury and prejudice Accuride.

### B. Defendants' Conclusion.

As explained above, evidence regarding Accuride's commercial products – including how those products differ from the accused products – is relevant to numerous issues in this case, including lack of copying, lack of willfulness, the unavailability of lost-profits damages, and what Accuride considered to be its invention. The Court should permit such highly relevant information to go to the jury.

Dated: April 16, 2010  **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:  /s/ Richard H. Zaitlen
Richard H. Zaitlen
Attorneys for Plaintiff and Counter-Defendant, Accuride International, Inc.

Dated: April 16, 2010  **ONE LLP**

By:  /s/Nathaniel L. Dilger
Nathaniel L. Dilger
Attorneys for Defendants and Counter-Claimants, SSW Holding Company, Inc. and American Appliance Products, Inc.